### HARTFORD STODDARD *vs.* ASA B. WOOD.

A partner, who has made a promissory note to the partnership as evidence of the amount drawn out of the firm by him, and afterwards, upon dissolution of the partnership, assigned all his interest in the property and debts of the firm to his copartner, is not liable to an action on the note by the latter, who has taken the note by indorsement from the partnership, when overdue, and with notice of the facts.

ACTION OF CONTRACT on a promissory note made by the defendant to the order of and indorsed by " H. Stoddard & Wood."

At the trial in this court the defendant offered to prove that he and the plaintiff, at the time of the making of this note, were copartners under the firm of H. Stoddard & Wood; that this note and others of like tenor were made as evidence of sums of money drawn by the defendant from time to time out of the partnership funds; that the partnership was dissolved, and the defendant thereupon executed a written assignment, for a nominal consideration, by which he transferred to the plaintiff all his right, title and interest in " all and singular the stock of goods and merchandise, debts, bonds, specialties, notes, accounts and other estate and effects, rights and credits of the said concern of H. Stoddard & Wood," and appointed the plaintiff his attorney in his name or in the name of the partnership, to ask, demand, sue for, recover and receive all sums of money, property and effects, debts, dues, accounts and other demands whatsoever, which were or should be due, payable or belonging to the partnership; and that the note in suit was indorsed when overdue, and after the dissolution of the partnership.

*Bigelow*, J. reserved for the consideration of the whole court the question whether the plaintiff had any title to the note by said indorsement.

*P. C. Bacon & H. Chapin*, for the plaintiff.

*C. Allen*, for the defendant.

SHAW, C. J. This note was given for money drawn by the defendant out of the partnership of which he was a member, and for no other consideration; and was indorsed when overdue, after the dissolution of the partnership, to a partner having full knowledge of all the facts, and therefore standing on no better ground than the indorsers.

This note, given as it was, constituted an item of debit in account, for which no action lies; it was not a debt to the firm. The difficulty of maintaining an action by a partnership against one partner is not merely a matter of parties, arising out of the difficulty of bringing suit; it lies much deeper. A promise by a partner to the partnership is a promise to pay himself with other persons; and it cannot be said that anything is due until the whole is settled, until all the assets are collected, and all debts paid. Until then, it cannot be known whether there is any balance due; still less, what that balance is.

The plaintiff does not stand in the position of a third person to whom the note has been indorsed. He was a member of the partnership, and had full notice that it was taken in account, not in the course of business, or for the purpose of paying a debt to the partnership; and, above all, he took it when dishonored, which is of itself a sufficient defence.

The assignment of all the property and debts of the partnership did not include this note, not being a debt due to the partnership, on which an action would lie; but, as already stated, a mere certificate, a statement in writing which he could not contradict, that he owed so much money to the firm.

The evidence was admissible to show want of consideration; the fact of partnership; and that the note was indorsed when overdue, and after the dissolution. These are facts surrounding the making and indorsement of the note, which do not control or vary it. *Plaintiff nonsuit.*